[No. 6,829.—In Bank.]
December 12, 1882.

JACOB A. MORENHAUT et al. *v.* THOMAS A. BELL ET AL.

Law of the Case—Former Appeal—Finding Supported by the Evidence.—On a former appeal in this case, reported in 42 Cal. 591, it was held that upon the execution of the deed from Montenegro to Forbes, August 7, 1848, all the title that M. then held to the premises described in it passed to and vested absolutely in F.

*Held:* Conceding that under the Mexican law the sale might have been re-scinded after the execution of said deed, the finding of the Court below that it was not rescinded is sustained by the evidence.

APPEAL by plaintiffs from an order of the District Court of the Fourth Judicial District of the State of California, in and for the City and County of San Francisco, denying a motion for a new trial. MORRISON, J.

Action to declare a trust in real estate to compel convey-ances, etc. The action was originally brought August 21, 1866, and upon the trial had, judgment was rendered for the plaintiffs. The defendants appealed to the former Supreme Court of this State, and at the January term, 1872, thereof, the judgment was reversed, and cause remanded for a new trial. (See *Morenhaut et al.* v. *Barron*, 42 Cal. 591.) The pleadings having been amended, the case was again tried in the Court below, and judgment entered April 19, 1878, in favor of the defendants. The plaintiffs moved for a new trial, and this motion having been denied, they took this ap-peal on the twenty-sixth day of June, 1879. After the de-cision in bank, a petition for rehearing was presented by the appellants and denied by the Court.

*B. S. Brooks, James A. Waymire,* and *Frederic Hall,* for Appellants.

*Cope & Boyd, Wilson & Wilson,* and *James Wheeler,* for Respondents.

*J. P. Hoge, B. S. Brooks, James A. Waymire,* and *Frederic Hall,* for Appellants, on petition for rehearing.

Appellants respectfully ask for a rehearing. The decision of the Supreme Court is placed solely upon the ground that the Court below found as a fact that the sale was not re-scinded. The question was not one of fact. It is not a case of conflict of testimony. The eminent counsel who have at different periods of the history of this case discussed it, have unanimously treated the question as one of law and not of fact. There is no conflict in the testimony. The solution of the question depends upon the written documents presented,

CAL. REPS. LXII—22

and they are to be interpreted by the Court. (*Carpentier* v. *Thirston*, 24 Cal. 268; *Payne* v. *Treadwell*, 16 id. 220; *Chenery* v. *Palmer*, 6 id. 119; *Bruck* v. *Tucker*, 32 id. 427, 430.)

The opinion of the Court assumes that upon the former appeal (*Morenhaut* v. *Barron*, 42 Cal. 591), it was decided that the instrument of August 7, 1848, was an absolute conveyance to Forbes of all the title vested in Montenegro. The Judge who delivered the opinion upon that appeal refers to the instrument as a "deed," and a portion of the language he uses would indicate that he regarded it as an ordinary common law deed. But it is clear, from the whole opinion, that the construction of the document was not a question before the Court. The Court there decides nothing as to the merits of the case. It was simply held that the District Court erred in finding certain facts that were not pleaded, and therefore not in issue, viz., the facts " that there was an agreement contemporaneous with the execution of the deed, by which Forbes had the right to rescind the sale; and that he exercised that right and rescinded the sale."

The Court said that these facts were not put in issue by the pleadings. A finding in regard to them was "useless and idle." For the same reason—because there was no issue on the subject—the instrument of August 7, 1848, was erroneously admitted in evidence. It was not properly before the District Court, nor before the Supreme Court. Therefore it could not be construed by either so as to make the construction a part of the law of the case. *Hence, we contend that its construction is still an open question*, and we insist that it can not be construed as an absolute conveyance, because it is admitted by the pleadings, and appears from the evidence, without contradiction, that Forbes failed and *refused* to pay a part of the purchase money.

The COURT:

Upon the execution of the deed of Montenegro to Forbes, August 7, 1848, "all the title that Montenegro then held" to the premises described in it, "passed to and vested absolutely in Forbes." (*Morenhaut* v. *Barron*, 42 Cal. 591.)

The only question that is open for our consideration and determination on this appeal is whether the sale from Monte-

negro to Forbes was subsequently rescinded. Conceding that under the Mexican law such sale might have been rescinded, after the execution of said deed, the Court below found as a fact that it was not, and we think that the findings of the Court upon that and all the other issues were justified by the evidence.

Judgment and order denying the motion for a new trial affirmed.

MYRICK, J., expressed no opinion.